**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ALEX ADAMS, #1181239, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-078-JDK-JDL |
| | § | |
| SERGEANT UNKNOWN ROBINSON, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alex Adams, an inmate of the Coffield Unit of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's later submissions establish that, at the time he filed his complaint in this case, Plaintiff had sufficient funds to pay the filing fee and that his allegation of inability to pay in his motion to proceed *in forma pauperis* (IFP) was false. Docket Nos. 2, 7, 10. Accordingly, the Court gave Plaintiff until April 29, 2022, to pay the fee to proceed with this case. Docket No. 9. Plaintiff did not comply with that order and has since drained his funds and asserted a current inability to pay. Docket No. 15.

On May 18, 2022, the Magistrate Judge issued a Report recommending that Plaintiff be denied leave to proceed IFP and that this case be dismissed without prejudice as to refiling with full payment of the filing fee but with prejudice as to any attempt to refile IFP. Docket No. 16. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 19.

1

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff signed his complaint on January 23, 2022. Docket No. 1 at 6. With his complaint, he filed an application to proceed *in forma pauperis*, in which he swore under oath that he was unable to pay "because of [his] poverty" and failed to attach his trust account statement or otherwise disclose the balance in his trust account. Docket No. 2. The day before he made that statement, the balance in Plaintiff's trust account was $2,351.60. Docket No. 7. For all the reasons

explained by the Magistrate Judge, Plaintiff was responsible for payment of the full filing fee at the time he submitted his complaint, and his subsequent depletion of his funds does not change that fact. *See* Docket No. 16 at 3–6.

Plaintiff's objections lack merit. First, he asserts for the first time that he intended the claims in this case to be combined with those in Civil Action 6:22cv110, presumably because that would minimize the number of filing fees he owes. Docket No. 19 at 1. But Plaintiff filed that case almost a month after this one, on a separate complaint form and with a separate IFP application. Regardless of whether he could have combined the claims in both cases in the same lawsuit, it is clear that he intended to file them separately. Moreover, even if the later-filed case could or should have been consolidated with this one, that would not change the fact that Plaintiff became responsible for payment of the filing fee at the time he filed this case.

Second, Plaintiff objects on the basis that he did not "consent to proceed before U.S.D.C. Magistrate Judge." Docket No. 19 at 1. But this case was automatically referred to the Magistrate Judge pursuant to the Court's standard practice under 28 U.S.C. § 636(b)(1), which authorizes courts to refer any non-dispositive, pretrial matter to the U.S. Magistrate Judge for determination and designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition of a matter to the judge of the court. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No consent from the parties is required for such referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section.").

Plaintiff also complains that he "was never ask to disclose what [he] spent his money own [sic]." Docket No. 19 at 1. But he has had every opportunity, over the course of the four months that his responsibility for the filing fee has been litigated in this action, to let the Court know if his

funds were spent on pressing emergencies. The Magistrate Judge's Report expressly observed that, as a prisoner, Plaintiff has had his basic needs met by the State of Texas during the relevant time period, and the Report quoted law indicating that the expenditure of funds on "necessities" might be a factor in a prisoner's IFP qualification. Docket No. 16 at 5–6. It is clear from Plaintiff's objection that he recognizes the purpose of his expenditures as a potential issue, but he still does not assert, much less demonstrate, that the thousands of dollars in his account as of January 22 were all spent on urgent necessities.

The rest of Plaintiff's objection is devoted to a generalized protest against being held responsible for a fee "when I've proven I don't got the money" and when the Court could just take "money off my book" to pay the fee in installments as it did in Civil Action 6:20cv11. Docket No. 19 at 1. But the fact that Plaintiff was found qualified to proceed IFP in 2020 has no bearing on whether he was so qualified when he filed this case. He plainly was not. And payment of the filing fee is Plaintiff's responsibility, not the Court's. Absent a grant of IFP status, which occurred in the 2020 case to which Plaintiff refers, the Prison Litigation Reform Act provides no authority for the Court to accept anything less than full prepayment of the fee or to direct any payment from the agency having custody of a prisoner or his account in order for a case to proceed. *See* 28 U.S.C. § 1915(b) (providing schedule of payments for prisoners proceeding IFP). Plaintiff's bold assertion that the Court "will have to settle for a payment plan" is, therefore, mistaken.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has

determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit.  Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 19) are **OVERRULED**. Further, it is

**ORDERED** that Plaintiff is **DENIED** leave to proceed without prepayment, and this case is dismissed for Plaintiff's failure to pay the filing fee and for his false allegation of poverty in Docket No. 2. 28 U.S.C. § 1915(e)(2)(A). This dismissal is with prejudice as to any attempt to refile these claims *in forma pauperis* but without prejudice as to refiling upon prepayment of the full filing fee. Any pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **14th**   day of  **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE